UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES HUGHES,<br><br>  Plaintiff,<br><br>v.<br><br>JUSTIN ELAM,<br><br>  Defendant. | Case No. 3:22-cv-00562<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

**REPORT AND RECOMMENDATION**

Pro se Plaintiff Charles Hughes alleges that Internal Revenue Service (IRS) Revenue Officer Justin Elam violated his rights when Elam corresponded with Hughes concerning Hughes's unpaid federal taxes. (Doc. No. 1-1.) Elam has moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (Doc. No. 3.) Hughes responded in opposition to Elam's motion (Doc. Nos. 18, 19), and Elam has filed a reply (Doc. No. 26). For the reasons that follow, the Magistrate Judge will recommend that Elam's motion to dismiss be granted.

**I.  Background**

  **A.  Factual Background**[1]

The body of Hughes's pro se complaint states in its entirety:

> To: all mankind I say on the record and will testify in open court. I charles: hughes do not have a contract with IRS, and I charles: hughes do not have a contract through my dba CHARLES HUGHES with the man dba IRS the corporation. Any

---

[1]  The facts in this Report and Recommendation are taken from Hughes's complaint (Doc. No. 1-1) and are presumed to be true for purposes of resolving Elam's motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

> man that prove true and correct confirmation otherwise should come forward now and make their claim or forever hold their peace.

(Doc. No. 1-1, PageID# 7.)

To this statement, Hughes has attached correspondence from Elam to Hughes, annotated by Hughes, concerning the IRS's attempts to obtain unfiled tax returns and collect unpaid taxes from him. (Doc. No. 1-1.) Hughes includes an IRS form W-8BEN certificate of foreign status in which he states that his country of citizenship is "Heaven." (*Id.* at PageID# 10.) He also includes what appears to be an answer to Elam's correspondence in which he asks Elam to provide information in response to specific words and statements made in Elam's letters and "decline[s]" the "offer[s]" made by Elam. (*Id.* at PageID# 26–29.) Hughes concludes this document with the statement:

> Based on this unverified claims of debts owed this offer remains declined until proven by verification of all items listed for correction and return, failure to comply will initiate a default issued by way of a foreign judgment issued under Administrative Procedures Act and Uniform Enforcement of Foreign Judgments, with full faith and credit of the United States of America. In addition to the Title violations that are evident by the words and claims made there is also trademark infringement for every use of the name CHARLES HUGHES a charge of 100.000. 00 dollars issues for unauthorized use of that name. Invoice for the violations and trademark and false claims are listed below.

(*Id.* at PageID# 29.)

Hughes includes an invoice addressed to Elam for four counts of "[t]rademark infringement" at $100,000.00 each and eight counts of "[c]ivil liability" at $1,000.00 each, for a total amount owed of $408.000.00. (*Id.* at PageID# 32.)

Hughes also includes a document titled "affidavit" which states that "Charles Hughes is the judgment creditor and Justin Elam . . . is judgment debtor. I have yet to be compensated or provided require[d] information to verify their cla[i]m." (*Id.* at PageID# 8.)

### B. Procedural Background

Hughes initiated this action on March 23, 2022, by filing a pro se complaint against Elam in the Circuit Court of Williamson County, Tennessee. (Doc. No. 1-1.) Elam removed the action to this Court on July 28, 2022 (Doc. No. 1), and filed a motion to dismiss Hughes's claims against him (Doc. No. 3). Elam argues that Hughes's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and under Federal Rule of Civil Procedure 12(b)(6) because sovereign immunity bars Hughes's claims and Hughes otherwise fails to state a claim upon which relief can be granted. (*Id.*) Elam further argues that the proper defendant to Hughes's claims is the United States, not Elam. (*Id.*)

The Court ordered Elam to submit an amended notice addressing the timeliness of removal. (Doc. No. 4.) Elam responded by filing a memorandum in support of removal arguing that the 30-day period for removal had not yet started to run because Hughes had not effectively served Elam. (Doc. No. 8.) Elam argues that Hughes did not properly serve him under state law because Hughes attempted to serve Elam by mail but did not obtain the signature of a person authorized by Tennessee law to accept service on Elam's behalf. (*Id.*) Elam also argues that Hughes did not properly serve him under Federal Rule of Civil Procedure 4(i), which governs service of process on the United States and employees of the United States. (*Id.*) Based on this amended notice, the Court found that Elam had adequately established the timeliness of removal and referred the action to the Magistrate Judge. (Doc. No. 10.) The Court warned Hughes that he was "responsible for effecting service of process in accordance with Federal Rule of Civil Procedure 4" and that "[f]ailure to complete service of process may result in dismissal of [Hughes's] claims." (*Id.* at PageID# 116.)

After the action was referred, the Court ordered Hughes to show cause why his case should not be dismissed because he had not responded in opposition to Elam's motion to dismiss. (Doc.

No. 11.) Hughes did not file anything in response to the show-cause order. However, Elam notified the Court that Hughes had sent him a one-page document that he believed was intended to be a response. (Doc. No. 12.) The Court again directed Hughes that he must respond to Elam's motion if he intended to prosecute his claims. (Doc. No. 13.) The Court ordered Hughes to file any response by November 4, 2022. (*Id.*) Elam notified the Court again that Hughes had mailed him what appeared to be a response to the Court's order. (Doc. No. 14.) The Court granted Hughes a short extension of time to respond to Elam's motion and warned Hughes that the Court would only consider filings made in the Court's docket. (Doc. No. 15.)

Hughes then filed a "notice of finding of facts due to fraud on the court" (Doc. No. 18) and a "notice to schedule time for notice of finding of facts" (Doc. No. 19). The Court construed these filings as Hughes's response and supplemental response in opposition to Elam's motion to dismiss. (Doc. No. 24.) In these filings, Hughes argues that he served Elam in accordance with Tennessee law but was unable to file a return receipt because the return receipt was intentionally altered by a USPS staff person. (Doc. Nos. 18, 19.) In support of this argument, Hughes filed a certified mail receipt showing that, on March 23, 2022, Hughes sent an envelope with return receipt requested to "Justin W. Elam[,] 801 Broadway Stop 49[,] Nashville, Tennessee 37203-3816[.]" (Doc. No. 19 at PageID# 216.) Hughes provided a screenshot of a USPS webpage showing tracking information for that mailing which shows an image of the signature of Regina Muse with the partial address "801 Broadwa[y]" below. (*Id.* at PageID# 218.) Hughes also included other screenshots of USPS tracking information. (*Id.* at PageID# 213, 217.) Finally, Hughes filed a Williamson County Circuit Court proof of service affidavit signed by Hughes stating that he served a copy of the summons and complaint on Elam by mail on March 25, 2022. (Doc. No. 19.) The section of the affidavit for return of service by mail is blank. (*Id.*)

In his responsive filings, Hughes also appears to extend his claims to allege that Elam's counsel, Larry S. Schifano, violated trademark law by using Hughes's name, committed mail fraud, and obstructed justice.[2] (Doc. No. 18.) Hughes attached an invoice addressed to Schifano documenting three counts of trademark infringement, two counts of "civil liability," and violations of "Title 18 1341" and "Title 18 1503," totaling $802,000.00. (*Id.* at PageID# 194.) Hughes also attached a document showing that a business titled CHARLES HUGHES had been registered under Minnesota law with the principal place of business at Hughes's residential address. (Doc. No. 18.)

Elam replied, arguing that Hughes has not shown that he perfected service under federal or state law, that Hughes's filings are unintelligible, and that Hughes had not properly asserted claims against Schifano. (Doc. No. 26.) Hughes filed a response that the Court construes as a sur-reply, arguing that Elam's motion to dismiss should be terminated due to fraud on the Court by Elam's attorneys. (Doc. No. 34.)

## II. Legal Standards

### A. Adequacy of Service Under Federal Rule of Civil Procedure 4

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of

---

[2] Hughes began including Schifano as a defendant in the case caption with this filing. Hughes has not sought to add Schifano as a defendant to this action by filing a motion to amend his complaint under Federal Rule of Civil Procedure 15, and the Court does not consider Schifano to be a party.

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(i) addresses service of the United States and United States agencies, corporations, and officers or employees sued in an official capacity. Rule 4(i)(1) instructs:

> **(1)** *United States*. To serve the United States, a party must:
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

Fed. R. Civ. P. 4(i)(1).

Rule 4(i)(2) provides that, "[t]o serve . . . a United States officer or employee sued only in an official capacity, a party must serve the United States and send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 &n.3 (6th Cir. 1996).

The plaintiff must generally file proof of service on each defendant. Rule 4(l) provides that, "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). However, "[f]ailure to prove service does not affect the validity of service[,]" and the Court "may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

### B. Federal Rule of Civil Procedure 12(b)(5)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges "the manner or method of service" of a summons or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits . . . ." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Wanke v. Invasix Inc.*, No. 3:19-cv-0692, 2020 WL 2542594, at *5 (M.D. Tenn. May 19, 2020) (finding that the Court may consider "record evidence in determining the sufficiency of service" under Rule 12(b)(5)). It is the

7

plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd*, 94 F.3d at 219).

C. **Federal Rule of Civil Procedure 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'"

*Gardner v. United States*, 443 Fed. App'x 70, 73 (6th Cir. 2011) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Consideration of extrinsic materials need not convert a motion to dismiss into a motion for summary judgment, "'so long as [the materials] are referred to in the complaint and are central to the claims contained therein[.]'" *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. updated Apr. 2022) ("Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . without converting the motion into one for summary judgment.").

Because Hughes appears pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

III. Analysis

    A. Dismissal Under Rule 12(b)(5) for Insufficient Service of Process

Elam argues that the Court should dismiss Hughes's claims against him under Rule 12(b)(5) for insufficient service of process. (Doc. No. 3.) Hughes responds that he perfected service in accordance with Tennessee law. (Doc. Nos. 18, 19.)

When service is contested in an action that has been removed to federal court, the court must determine whether service was perfected according to state law before removal. 4A Charles

9
Case 3:22-cv-00562     Document 43     Filed 02/22/23     Page 9 of 16 PageID #: 493

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (4th ed. updated Apr. 2022) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made."). If service was not perfected before removal, the court applies federal law to determine the validity of service after removal. 28 U.S.C. § 1448.

Tennessee Rule of Civil Procedure 4.04(1) provides that an individual defendant may be served

> by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). Tennessee law also authorizes service of process by certified mail, which is considered valid if the plaintiff files "a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute or . . . a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant . . . ." Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by mail is only effective "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt").

Hughes has offered no proof that he effected personal service on Elam. Hughes also has not shown that he effected service by certified mail in compliance with Tennessee law. The record reflects that Hughes attempted service on Elam by certified mail addressed to the IRS Nashville Field Office. (Doc. Nos. 8-1, 19.) The return receipt is signed by Regina Muse, whom Elam has

identified as a contract employee who supervises the mail room at the IRS's Nashville field office. (Doc. Nos. 8-1, 19) Elam states by declaration that Muse is not authorized to accept service on his behalf (Doc. No. 8-1), and there is no other indication that she is "an agent authorized by appointment or by law to receive service on behalf of" Elam, Tenn. R. Civ. P. 4.04(1). Hughes has not shown that he properly served Elam under Tennessee law before removal.[3]

Hughes likewise has not shown that he properly served Elam under the Federal Rules of Civil Procedure after his case was removed to this Court. Because Elam is an IRS Revenue Officer and is sued in his official capacity (as the Court addresses in greater detail below), service of process is governed by Rule 4(i)(2). Thus, to properly serve Elam, Hughes must serve the United States by delivering a copy of the summons and complaint to the U.S. Attorney for the Middle District of Tennessee and sending a copy by registered or certified mail to the Attorney General of the United States *and* send a copy of the summons and complaint by registered or certified mail to Elam. The docket contains no indication that Hughes has met these requirements. *See* Fed. R. Civ. P. 4(i)(1)–(2). As Elam points out, no summons has been requested by Hughes or issued.

Hughes has not offered any proof that he properly served Elam under Tennessee law before removal or under federal law after removal. However, dismissal based on defective service is disfavored in removed cases unless "it is clear that the plaintiff cannot effect proper service." *Leonie Seesing & Equigym, LLC v. Samuel Bode Miller & DB DOJO, LLC*, No. 5:21-CV-26, 2021 WL 3410041, at *3 (E.D. Ky. Aug. 4, 2021) (quoting *TKT-Nectir Global Staffing, LLC v. Managed Staffing, Inc.*, No. 3:18-CV-099, 2018 WL 5636163, at *3 (W.D. Ky. Oct. 31, 2018)). *See also* 4A

---

[3] The Court effectively made this finding in its order referring the case to the Magistrate Judge, which found Elam's amended notice and supplemental memorandum regarding the timeliness of removal (in which Elam argued that Hughes had not properly effected service and, thus, that the removal clock had not yet begun to run) "sufficient to establish the timeliness of removal under 28 U.S.C. § 1446." (Doc. No. 10, PageID# 116.)

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (4th ed. updated Apr. 2022) ("[T]he defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal."). Generally, a court will exercise its discretion under Federal Rule of Civil Procedure 4(m) to allow the plaintiff additional time to perfect service. Fed. R. Civ. P. 4(m). *See, e.g.*, *Leonie Seesing & Equigym, LLC*, 2021 WL 3410041, at *3 (exercising discretion under Rule 4(m) to extend the service deadline in removed case in which plaintiff had failed to serve defendants before or after removal).

If Hughes's failure to perfect service were the only reason Elam offered in favor of dismissal, the Court would likely recommend that Hughes be afforded a short extension of time in which to serve Elam under Rule 4(i). However, because Elam offers other meritorious arguments in favor of dismissal, that exercise of discretion is unwarranted. Effecting proper service would not cure the other significant defects in Hughes's complaint.

### B.   Dismissal for Failure to State a Claim under Rule 12(b)(6)

Elam argues that Hughes's claims must be dismissed under Rule 12(b)(6) because (1) the claims are properly brought against the United States, not Elam; (2) Hughes has failed to allege a plausible claim for relief; and (3) the claims are barred by sovereign immunity. (Doc. No. 3.)

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016) (quoting *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997)). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (citing *Reed v. Reno*, 146 F.3d 392, 397–98 (6th Cir.1998)); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent

a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Because a successful assertion would deprive the Court of jurisdiction over Hughes's claims against Elam, a court generally must address sovereign immunity as a threshold issue. *See Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002) (holding that "the Supreme Court has . . . foreclosed th[e] possibility" of assuming jurisdiction without deciding and "proceed[ing] directly to the substantive claims" asserted). Doing so in this case, however, requires first determining what claims Hughes asserts against Elam and whether he brings those claims against Elam in his official or individual capacity.

Elam argues that Hughes's complaint "alleges, in substance, that the United States' authority to tax is based upon the law of contracts" and that he "is exempt from internal revenue tax because he has not entered into a taxation contract with the federal government." (Doc. No. 3, PageID# 38–39.) The Court finds this to be a fair summation of Hughes's filings and that Hughes's claim against Elam is best stated as a challenge to Elam's authority to attempt to collect taxes from him on behalf of the IRS.[4] *See El v. I.R.S.*, No. CIV.08-10657, 2008 WL 2338621, at *2 (E.D. Mich. June 4, 2008) (construing similar allegations as "a challenge to [the plaintiff's employer] to withhold federal taxes from [his] wages"). The Court must therefore determine whether this claim is barred by sovereign immunity.

The first step in that analysis is determining whether Hughes has sued Elam in his individual or official capacity.[5] Hughes does not make this distinction in his complaint. (Doc.

---

[4] In the exhibits to his complaint, Hughes references trademark infringement, the Administrative Procedures Act, and "Uniform Enforcement of Foreign Judgments, with full faith and credit of the United States of America." (Doc. No. 1-1, PageID# 29.) Hughes has not made allegations sufficient for the Court to consider these references as additional causes of action.

[5] In his reply brief, Elam refers to "defendants," stating that Hughes "has in substance filed suit against the United States of America, not just IRS Officer, Justin Elam, the Defendant named in the complaint, because [Hughes's] allegations challenge the federal government's taxation

No. 1-1.) Thus, the Court must apply the "course of proceedings" test established by the Sixth Circuit for cases in which a plaintiff does not specify the capacity in which he sues a defendant. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The course of proceedings test examines "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at 772 n. 1.

Hughes identifies Elam in the case caption by his name, not his official title, which tends to show an intent to sue in an individual capacity. *Id.* at 773–74. Hughes's invoice purporting to calculate a sum that Elam owes him violations of law could be construed as a demand for compensatory damages, another hallmark of an individual-capacity suit. *Id.* However, Hughes's claim against Elam fundamentally addresses Elam's attempts to collect taxes from Hughes in his official capacity as an IRS agent. *See Dunlap v. Lew*, No. 16-3658, 2017 WL 9496075, at *3 (6th Cir. June 2, 2017) (finding that, although plaintiff "purported to sue the defendants in their individual capacities, her allegations against them . . . concerned actions that were or would be taken in only their official capacities"). Elam's assertion of sovereign immunity also shows that he understood Hughes's complaint to assert an official-capacity claim. *See, e.g.*, *Bruce v. McCarthy*, No. 3:20-CV-00087, 2020 WL 4883843, at *2 (M.D. Tenn. July 28, 2020) (finding that defendant raising sovereign immunity defense weighed in favor of construing complaint as

---

authority." (Doc. No. 26, PageID# 412.) Elam has not followed the proper procedures for substituting the United States as the defendant to Hughes's claims or adding the United States as a necessary party to this action. The Court only considers Hughes's claims against Elam because they are the only active claims in this case.

alleging official-capacity liability), *report and recommendation adopted*, 2020 WL 4819561 (M.D. Tenn. Aug. 19, 2020).

Weighing these factors together, the Court finds that Hughes has sued Elam in his official capacity. Because it appears that Hughes seeks monetary damages that would be paid from the "public treasury or domain, or interfere with the public administration," *Land v. Dollar*, 330 U.S. 731, 738 (1947), sovereign immunity bars his claim. *Dunlap*, 2017 WL 9496075, at *3. Further, as Elam correctly argues, "an action *against the United States* under 26 U.S.C. § 7433 is the exclusive remedy for recovering damages resulting from unauthorized tax collection actions." *Dunlap*, 2017 WL 9496075, at *3. Hughes's claim must fail because he has not named the United States as a defendant.

Finally, Hughes has not alleged facts sufficient to support a claim on which relief may be granted. "It is well established that the payment of income tax by individuals is not a voluntary act but is an affirmative obligation that is compelled by law." *El*, 2008 WL 2338621, at *2 (citing *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir.1993) (per curiam), and then citing *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir.1988)). Recognizing this fundamental principle, courts have consistently found claims by plaintiffs that they are not subject to the laws of the United States or required to pay taxes to be frivolous and subject to dismissal. *See e.g.*, *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (dismissing claim that plaintiff is solely a state resident, not a citizen of the United States, and not subject to federal income tax as "completely without merit" and "patently frivolous"); *Davis v. McClain*, No. 2:19-CV-3466, 2019 WL 3891851, at *2 (S.D. Ohio Aug. 19, 2019) (finding plaintiff's argument that she is not a citizen and not subject to taxation frivolous and dismissing case), *report and recommendation adopted*, 2019 WL 5853474 (S.D. Ohio Nov. 8, 2019). Because Hughes has not alleged "'sufficient factual matter' to render

the legal claim [that he has no obligation to pay income taxes] plausible," he has failed to state a claim on which relief may be granted. *Fritz*, 592 F.3d at 722. This action must be dismissed.

IV. **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Elam's motion to dismiss (Doc. No. 3) be GRANTED and that this action be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of February, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge